In re ANNICOTT EXCELLENCE, LLC, Debtor.

Annicott Excellence, LLC, Plaintiff,

v.

Andrew Singer, Defendant.

Bankruptcy No. 99–8363–3F1.
Adversary No. 00–329.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 11, 2001.

David E. Otero, Jacksonville, FL, for Plaintiff.

Kenneth A. Wolis, Hollywood, FL, for defendant.

Daniel M. Litt, Washington, DC, Gregg W. McClosky, Boca Raton, FL, for Allied Capital Corporation and LaSalle National Bank.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on the Complaint for Declaratory Judgment and to Determine Validity, Priority or Extent of Lien or Other Interest filed by Annicott Excellence, LLC ("Plaintiff") on October 17, 2000. (Doc. 1.) Andrew Singer ("Defendant") filed an Answer to the Complaint on November 27, 2000. (Doc. 5.) On April 10, 2001, the Court held a trial and took the matter under advisement. Upon review of the evidence presented and upon review of the arguments and submissions of counsel, the Court finds it appropriate to abstain from entering a judgment on this Proceeding.

## FINDINGS OF FACT

Plaintiff, a Delaware limited liability corporation, owns and operates five mobile home parks in the state of Florida. Three of Plaintiff's properties are located in Broward County and two are located in Brevard County.

On August 29, 1997, Plaintiff executed a Promissory Note "A" promising to pay $7,070,000.00 to Allied Commercial Capital Corporation, predecessor to Allied Capital Corporation ("Allied"). This obligation became Allied Capital Commercial Trust 1998–1, of which LaSalle National Bank ("LaSalle") serves as indenture trustee and custodian. On the same day, Plaintiff executed a Promissory Note "B" promising to pay Allied's predecessor a separate $808,000.00.

As security for the loans underlying these notes, Plaintiff granted Allied a lien on all of the mobile home parks, on all improvements and fixtures upon the parks, on all leases and subleases on the parks, and on all income from the parks.

On September 4, 1997, Allied perfected its lien on the Broward properties by filing a mortgage with the Clerk of Court in Broward County. On September 7, 1997, Allied perfected the security interests on the Brevard properties by filing a mortgage with the Clerk of Court in Brevard County.

On July 16, 1999, Defendant, former manager of Plaintiff's Lakeshore Mobile Home Park ("Lakeshore"), filed a Claim of Lien against Lakeshore with the Clerk of Broward County. Defendant asserts a lien in the amount of $1,585,750.00, his claimed compensation for efforts alleviating flooding at Lakeshore in June 1999.

On September 21, 1999, Allied and LaSalle commenced a foreclosure proceeding in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. 99–016322 ("the foreclosure action"), against all of Plaintiff's mobile home parks.

On November 1, 1999, Plaintiff voluntarily filed for Chapter 11 bankruptcy protection, staying the pending foreclosure action.

On January 3, 2000, Defendant filed a Proof of Claim in the amount of $1,585,750.00 for "services performed" and "material and labor." Defendant contends that this claim is secured by virtue of the Claim of Lien filed against Lakeshore on July 16, 1999.

On June 26, 2000, Plaintiff filed an Objection to Defendant's claim. (Doc. 118.)

On August 28, 2000, Defendant filed a Motion for Change of Venue of the Objection to his claim. (Doc. 130.) Defendant sought to have the Objection heard in Broward County.

On October 17, 2000, Plaintiff initiated the instant Proceeding. (Adv.Doc. 1.)

On October 17, 2000, the Court denied Defendant's Motion for Change of Venue of the Objection to his claim.

On January 18, 2001, the Court entered Findings of Fact and Conclusions of Law regarding its denial of a Motion for Relief from Stay filed by Allied and LaSalle. *See In re Annicott Excellence, LLC,* 258 B.R. 278, 285 (Bankr.M.D.Fla.2001). Allied and LaSalle had sought to obtain relief from stay to recommence the foreclosure action begun in September 1999. *See id.* at 282. The Court found that Plaintiff did not have any equity in the mobile home parks, including Lakeshore, because of the mortgages held by Allied and LaSalle. *See id.* at 284. The Court denied relief from stay on other grounds. *See id.* at 285.

On March 28, 2001, the Court entered an Order allowing Allied and LaSalle to intervene in this Proceeding.

On March 28, 2001, the Court also overruled Plaintiff's Objection to Defendant's

claim. *See In re Annicott Excellence, LLC,* 259 B.R. 782, 794 (Bankr.M.D.Fla. 2001). The Court found that Plaintiff and Defendant entered into binding oral contracts for Defendant to drain the Lakeshore flooding and to build a floodwall protecting Lakeshore for a reasonable amount of compensation. *See id.* at 790. The Court found that reasonable compensation for Defendant's performance amounted to $7,515.53, and granted Defendant a claim in that amount.[1] *See id.* at 794.

Therefore, the only question before the Court at this point is whether or not that $7,515.53 claim is secured by a valid lien against Lakeshore.

On April 10, 2001, the Court held a trial of the instant Proceeding.

On May 16, 2001, Plaintiff, Allied and LaSalle filed a Stipulation Regarding Relief from Automatic Stay in the main Case. (Doc. 217.) In the stipulation Plaintiff conceded that it would not be able to obtain confirmation of any proposed Chapter 11 plan. Plaintiff consented to relief from stay in order to allow Allied and LaSalle to proceed with the state court foreclosure action.

On June 5, 2001, the Court entered an Order granting Allied and LaSalle relief from the automatic stay. (Doc. 223.) The Order provided that the automatic stay was terminated so that Allied and LaSalle could resume the foreclosure action in state court in Broward County.

## CONCLUSIONS OF LAW

### I. PERMISSIVE ABSTENTION: 28 U.S.C § 1334(c)(1)

Pursuant to 28 U.S.C. § 1334(c)(1), a bankruptcy court may abstain from exercising jurisdiction over a core or non-core adversary proceeding in the interest of justice or comity with a state court. Section 1334(c)(1) provides, in relevant part:

(c)(1) nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (2001).

Section 1334(c)(1) grants a bankruptcy court broad discretion to permissively abstain from exercising jurisdiction. *See Wood v. Ghuste (In re Wood),* 216 B.R. 1010, 1014 (Bankr.M.D.Fla.1998). In deciding whether or not to abstain under § 1334(c)(1), a court should consider twelve factors:

(1) The effect of abstention on the efficient administration of an estate;

(2) The extent to which state law issues predominate over bankruptcy issues;

(3) The difficulty or unsettled nature of applicable law;

(4) The presence of a related proceeding pending in a state court or other non-bankruptcy forum;

(5) The existence of any non-bankruptcy basis for federal jurisdiction;

(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) The substantively "core" or "non-core" nature of the proceeding;

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state

---

1. On April 6, 2001, Defendant filed a Notice of Appeal of the Court's Order granting him a claim in the amount of $7,515.53. (Pl.Ex. 1.)

court with enforcement left to the bankruptcy court;

(9) The burden of leaving the proceeding on the bankruptcy court's docket;

(10) The likelihood that the proceeding ended up in bankruptcy court as the result of forum shopping by one of the parties;

(11) The existence of a right to jury trial; and

(12) The presence of non-debtor parties.

*See id.*

## II. APPLICATION TO THE INSTANT CASE

 The Court finds it appropriate to abstain from issuing a judgment in the instant Proceeding. The Court finds that the instant Proceeding involves predominantly state law issues, and that the principle of comity for state courts demands that this Court defer to the state court revested with authority to proceed after the entry of the Order Granting Relief from Stay. The Court also finds that allowing the state court in Broward County to handle the dispute would result in the most uniform and consistent determination of all parties' interests in Lakeshore.

First, the Court finds that the instant Proceeding is purely a matter of state law. The validity, priority and extent of a security interest in real property in Florida are solely a matter of Florida law. The Court finds it appropriate to allow the Florida court to handle this dispute governed by Florida law now that it may do so without violating the automatic stay.

Second, this Court finds that the Broward County Circuit Court deserves comity and should be allowed to proceed with a full disposition of all disputes related to security interests in Lakeshore without this Federal Court's interference. The Broward County Circuit Court is a state court vested with proper jurisdiction to determine the rights of all parties in Lakeshore. The state court also had jurisdiction over this matter originally.

Finally, the Court finds that it would run afoul of the principle of consistent and uniform application of the laws if it proceeds to determine the validity, extent and priority of Defendant's interest in Lakeshore while the state court determines the validity, extent and priority of other claimant's interests. Such duplicate adjudication might result in contradictory findings, in wrestling matches with the difficult doctrines of collateral estoppel and res judicata, and in a jumble of appeals. The Court finds it wise to avoid these common afflictions of parallel litigation by abstaining from issuing a judgment in this Proceeding.

## CONCLUSION

The Court finds it appropriate to exercise its discretion to abstain from entering a judgment on the instant Proceeding.

The Court will enter a separate Order in accordance with these Findings of Fact and Conclusions of Law.