Joseph P. BROWN, Jr. and Terri Lynn Brown, Appellants,

v.

JP MORGAN CHASE BANK, N.A., Appellee.

Case No: 5:13–cv–191–Oc–22
Bankr. Case No: 6:12–bk–1140–KSJ
Adv. Pro. No: 6:12–ap–174–KSJ

United States District Court,
M.D. Florida,
**Ocala Division**.

Filed November 15, 2013

Joseph P. Brown, Jr., Ocala, FL, pro se.

Terri Lynn Brown, Ocala, FL, pro se.

Jeffrey Thomas Kuntz, Michael D. Lessne, Grayrobinson, PA, Ft. Lauderdale, FL, John C. Brock, Jr., Albertelli Law, Jacksonville, FL, for Defendant.

## ORDER

ANNE C. CONWAY, United States District Judge

This appeal is before the Court on the following:

1. Appellants Joseph P. Brown and Terri Lynn Brown's ("Appellants") Brief (Doc. No. 38), filed July 11, 2013;

2. Appellee JP Morgan Chase Bank's ("JP Morgan") Brief (Doc. No. 42), filed August 19, 2013; and

3. Appellants' Reply Brief (Doc. No. 43), filed August 26, 2013.

Appellants request this Court to reverse two orders of the bankruptcy court: (1) an Order Denying Motion for Reconsideration of the Order Denying Defendant's Motion to Dismiss and Granting Defendant's Motion to Abstain in the bankruptcy adversary case[1] between Appellants and JP Morgan (the "Reconsideration Order"); and (2) an Order Dismissing Case (the "Dismissal Order") in the adjacent main bankruptcy case.[2] Upon carefully considering the parties' submissions and the ap-

---

1. *Brown et al. v. JP Morgan Chase Bank, N.A.,* No. 6:12–ap–174–KSJ (Bankr.M.D.Fla.).

2. *In re Brown,* No. 6:12–bk–1140–KSJ (Bankr. M.D.Fla.).

pellate record, the Court affirms the decisions of the bankruptcy court.

## I. BACKGROUND AND PROCEDURAL HISTORY [3]

Appellants own a home in Ocala, Florida secured by a mortgage with JP Morgan. After Appellants fell behind on their mortgage payments, JP Morgan initiated a foreclosure action on the property. Appellants and JP Morgan had been litigating issues arising from the foreclosure for more than three years, until January 31, 2013, when Appellants filed a Chapter 13 case. In the bankruptcy proceedings, Appellants listed JP Morgan as a creditor. JP Morgan filed a proof of claim alleging ownership in the note and mortgage secured by the property. Appellants objected, even though no other party claimed to own the note, and argued that JP Morgan did not provide sufficient evidence to prove ownership of the note. Appellants acknowledged signing a valid mortgage, but claimed JP Morgan was not entitled to enforce the note and mortgage due to defects in the chain of title.

After a failed mediation, Appellants filed an adversary proceeding in bankruptcy court along with a seven-count complaint. Each count of the complaint relied on the contention that JP Morgan lacked standing to enforce the note and mortgage. In response, JP Morgan filed a motion to dismiss the adversary proceeding, or in the alternative, a motion to abstain to allow the state court to resolve the standing issues presented more than three years prior. The bankruptcy court denied JP Morgan's motion to dismiss. (Doc. No. 3–8 at pp. 3). However, the bankruptcy judge found that abstention was appropriate because the "issue of standing to foreclose a residential home primarily is a state law issue best left to the expertise of the state court that has presided over this matter for at least the past three years." (*Id.*).

On January 15, 2013, Appellants requested that the bankruptcy court reconsider its decision to abstain in the adversary proceeding. (Doc. No. 3–10). After an evidentiary hearing on this and other matters (*See* Doc. No. 14–3), the bankruptcy judge denied the motion for reconsideration.[4] (Doc. No. 3–13). After the judge indicated she was still going to abstain from hearing the adversary proceeding, Appellants consented to dismissal of the main bankruptcy case. Thus, with Appellants' approval, the bankruptcy judge entered an order dismissing the main bankruptcy case.[5] This appeal followed.

---

3. The relevant facts are largely derived from the bankruptcy court's Memorandum Opinion. (Doc. No. 3–8 at pp. 1–2).

4. The following is the relevant portion of the transcript from the February 20, 2013 hearing, where the bankruptcy judge readdressed the decision to abstain.

> THE COURT: In connection with the Motion for Reconsideration, the Issues raised in the Motion for Reconsideration are largely the same as those opposing the Motion to Dismiss. Let's see – with the exceptions that Mr. and Mrs. Brown Highlight Local Rule 5011–1 and 2, which certainly requires that a motion for abstention be filed within 30 days. Here, it was filed within 45 days. And that is absolutely true. But the stand-

ing issues asserted in the Motion to Dismiss, as well as in the bases for the abstention upon which I ruled, haven't really changed. And the timeliness is not one that I am going to, first of all, enforce under Local Rule 5011. But moreover, even if it was deemed untimely by another court, I would still find that I have the *sua sponte* power to abstain.

> What that basically means is I still get the choice. Even if no party asked, I could abstain; and I would in this case for all of the reasons I said.

(*See* Doc. No. 14–3 at p. 5).

5. *See* Order Dismissing Case, *In re Brown*, No. 6:12–bk–1140–KSJ (Bankr.M.D.Fla. Feb. 22, 2013) (Bankr.Doc. No. 122).

## II. DISCUSSION

The Court has jurisdiction to hear appeals from orders of the bankruptcy court pursuant to 28 U.S.C. § 158. Appellants' Brief proposes some twenty-two issues on appeal. (*See* Doc. No. 38 at pp. 2–6). Some of the suggested issues do not make sense and many are duplicative. Of course, Appellants do not address every proposed issue after they are presented. After untangling the proposed issues, the Court agrees with JP Morgan that there are only two real issues in this case: (1) Whether the bankruptcy court erred when it, upon reconsideration, abstained from hearing the Appellants' adversary proceeding; and (2) Whether the bankruptcy court erred when it subsequently dismissed the main bankruptcy case.

### A. Rooker–Feldman Doctrine

 Because it is a jurisdictional issue, the Court initially evaluates JP Morgan's *Rooker–Feldman* argument. The *Rooker–Feldman* doctrine generally recognizes that federal district courts do not have jurisdiction to act as appellate courts to review final state court decisions. *Nicholson v. Shafe*, 558 F.3d 1266, 1272 (11th Cir.2009). The Supreme Court has held that the *Rooker–Feldman* doctrine is confined to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005). The Eleventh Circuit has interpreted *Exxon Mobil* to confine the *Rooker–Feldman* doctrine only to instances where state court proceedings have ended at the time the federal action is filed. *Nicholson*, 558 F.3d at 1274. In this case, the state court action was still pending when Appellants initiated their Chapter 13 case. Thus, the state court proceedings had not yet ended when the federal action commenced and *Rooker–Feldman* does not apply.

### B. The Reconsideration Order

 A bankruptcy court has broad discretion under 28 U.S.C. § 1334(c)(1) to abstain from a hearing or proceeding "in the interest of justice, or in the interest of comity with state courts or respect for State law." Courts consider a number of factors to guide their decision to permissively abstain under section 1334(c).[6]

 Decisions to abstain under 28 U.S.C. § 1334(c)(1) are reviewed under an

---

**6.** The factors include:
(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.
*FCCI Comm. Ins. Co. v. Armour*, 2012 WL 4208056, at *3 (M.D.Fla. Sept. 19, 2012) (citing *In re United Container LLC*, 284 B.R. 162, 175–78 (Bankr.S.D.Fla.2002)); *see also* Order on Motion to Dismiss, *In re Kurinsky*, 12–ap–215 (Bankr.M.D.Fla. Oct. 17, 2012) (Bankr. Doc. No. 27).

abuse of discretion standard. *Fl. Dept. of Fin. Servs. v. Poe Fin. Group, Inc.,* 2008 WL 2704386, at *2 (M.D.Fla.2008) (unpublished). "A court abuses its discretion if it applies the wrong legal standard, uses improper procedures to reach its result, or makes factual findings that are clearly erroneous." *Id.* (citing *In re Bayshore Ford Truck Sales, Inc.,* 471 F.3d 1233, 1251 (11th Cir.2006)).

In the Memorandum Opinion, the bankruptcy judge found that abstention was appropriate because the issue of standing to foreclose on residential property is a state law issue best left to the state court. (Doc. No. 3–8 at p. 3). Further, the judge found the reasoning in *In re Kurinsky*[7] persuasive as applied to the facts of the instant case:

> In [*Kurinsky*], as here, the Debtors alleged that the party claiming a security interest in the Debtors' home lacked standing to foreclose. In *Kurinsky,* the Court found that it had broad discretion under 28 U.S.C. § 1334(c)(1).... The Court considered factors such as (1) the effect on the administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of state law; (4) the presence of related proceedings in State Court; (5) the substance rather than form of an allegedly core proceeding; and (6) the existence of a right to jury trial. Abstention was appropriate in *Kurinsky* because "(1) the Debtors' claims in the Second Amended Complaint are essentially mortgage issues that are predicated on matters of State law, (2) the claims were the subject of a mortgage foreclosure action that had been pending in State Court for almost two years at the time that the bankruptcy case was filed; and (3) allowing the State Court to resolve the mortgage is-

sues will not adversely affect the Debtors' efforts in their Chapter 13 case." The same reasoning applies in this case. Once the validity of Chase's standing to enforce the note and mortgage is adjudicated, the parties may return to this Court to administer any claim Chase may have in the Plaintiffs' bankruptcy estate. While the Court is empathetic to the arduous state court foreclosure process, the Bankruptcy Court is not the proper venue to continue this dispute. The standing of the lender to foreclose a mortgage primarily is a state law matter, and justice is better served if the proceeding remained in the state court forum. Allowing the parties to jump the state court tracks and remove their dispute to the federal bankruptcy forum would usurp the state court's authority over its own state law issues, and, equally as troubling, would turn the bankruptcy court into a "last chance" forum to resolve state court mortgage disputes. This the Court declines to do.

(*Id.* at pp. 3–4) (citations omitted).

Upon reconsideration, the bankruptcy judge noted that the issues relating to standing and the basis for abstention in the previous ruling had not changed. (Doc. No. 14–3 at p. 4). Therefore, the judge denied the motion for reconsideration. (Doc. No. 3–13).

After careful review of the record, the Court finds that the bankruptcy court did not abuse its discretion in deciding to abstain from hearing Appellants' case. It is unclear from the briefings what specifically Appellants allege to be the bankruptcy judge's abuse of discretion as it relates to the reconsideration motion. The bankruptcy judge certainly did not apply the wrong legal standard, nor did she use improper procedures. After considering the

---

**7.** *In re Kurinsky,* 12–ap–215 (Bankr.M.D.Fla. Oct. 17, 2012) (Bankr.Doc. No. 27).

applicable case law, the bankruptcy court exercised its discretion and abstained from hearing this case. Additionally, none of the factual findings the bankruptcy judge made in support of the decision to abstain are clearly erroneous. The judge determined that the Appellants' mortgage and foreclosure issues were matters of state law that were best left to the Florida state courts. Further, the bankruptcy court found that allowing the state court to resolve these issues would not adversely affect the Appellants' efforts in their Chapter 13 case. These findings are not clearly erroneous.[8]

### C. The Dismissal Order

■ The parties disagree as to what standard of review applies to the Dismissal Order. JP Morgan argues that a "clearly erroneous" standard should apply because the dismissal was based on Appellants' voluntary oral consent at the hearing, which JP Morgan contends is a factual finding. Appellants argue at least four different standards, but appear to settle on *de novo* review as being the applicable standard. Appellants argue that the bankruptcy judge deciding to abstain from hearing the case "was like granting [JP Morgan] Summary Judgment." (Doc. No. 38 at pp. 6–7). The Court certainly disagrees with that proposition.

Regardless, the substance of Appellants' argument is that they were coerced by the bankruptcy judge and "forced into a dismissal of their Chapter 13 case." (Doc. No. 43 at p. 11). The record does not support that contention. At the February 20, 2013 hearing, the bankruptcy judge ruled that she was going to deny the motion for reconsideration and abstain in the adversary proceeding. Shortly thereafter, the bankruptcy judge questioned Appellants about their intentions with respect to the Chapter 13 case:

THE COURT: Is there any reason why ·you care to stay in the Chapter 13 case? That's really my question to you. If I'm not going to let you resolve the dispute here, which I'm not—with all due deference and out of respect, I'm not—Do you even want to keep this case alive? I mean, I can get you all that money back and you can—I'm not going to impose an injunction against re-filing if you need to come back.

MR. BROWN: Yes, your Honor. That would be totally fair.

(Doc. No. 14–3 at p. 6).

Appellants do not allege any facts that suggest coercion. Appellants argue in their brief that they were intimidated at the hearing for a variety of reasons: (1) they were forced to wait for an hour and a half; (2) there was a star next to their names on the docket sheet; (3) all of the other debtors and attorneys left the courtroom; and (4) a Federal Marshal came in the room and sat by the door. (Doc. No. 38 at p. 17). Taken together, these facts merely suggest that bankruptcy court was in session that day. Appellants' argument that they were coerced into voluntarily dismissing their case is entirely unconvincing. Under any standard of review (whether it be an abuse of discretion, clear error, or *de novo*) and after reviewing the entire record, the bankruptcy judge's decision to enter a dismissal order with Appellants' consent is due to be affirmed.

## III. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The following orders of the bankruptcy court are **AFFIRMED:**

 a. The Order Denying Motion for Reconsideration of the Order De-

---

**8.** To the extent that Appellants try to distinguish *Kurinsky,* this Court is not persuaded.

nying Defendant's Motion to Dismiss and Granting Defendant's Motion to Abstain (Bankr.Doc. No. 24), *Brown et al. v. JP Morgan Chase Bank, N.A.*, No. 6:12–ap–174–KSJ (Bankr.M.D.Fla.).

b. The Order Dismissing Case (Bankr.Doc. No. 122), *In re Brown,* No. 6:12–bk–1140–KSJ (Bankr.M.D.Fla.).

2. The Clerk is **DIRECTED** to enter Final Judgment accordingly.

3. The Clerk is **DIRECTED TO CLOSE** the member case 5:13–cv–192–Oc–22.

4. The Clerk is **DIRECTED TO CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on November 15, 2013.