[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15422
Non-Argument Calendar
_____

D.C. Docket Nos. 5:13-cv-00191-ACC; 6:12-bkc-01140-KSJ


In Re: JOSEPH P. BROWN, JR.,
        TERRI LYNN BROWN,

                                                        Debtors.
_____

JOSEPH P. BROWN, JR.,
TERRI LYNN BROWN,

                                                        Plaintiffs - Appellants,

versus

JPMORGAN CHASE BANK, NA,

                                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 22, 2014)

Before PRYOR, MARTIN and COX, Circuit Judges.

PER CURIAM:

In this bankruptcy appeal, Joseph Brown, Jr. and Terri Lynn Brown (the "Browns") appeal the district court's affirmance of the bankruptcy court's orders abstaining from hearing their adversary proceeding and voluntarily dismissing their bankruptcy case. The Browns contend that the bankruptcy court erred in abstaining because the motion to abstain was filed past the deadline provided in the bankruptcy court's local rules. The Browns also contend that the bankruptcy court coerced them into dismissing their bankruptcy case. Because we find no merit in either contention, we affirm.

## I.  Facts and Procedural History

**A.    Bankruptcy Court Proceedings**

The Browns filed a pro se Chapter 13 petition for bankruptcy. JPMorgan Chase Bank, N.A. ("Chase") subsequently filed a proof of claim alleging ownership of a note and mortgage on the Browns's property. The Browns objected to Chase's proof of claim and asserted that Chase lacked standing to enforce the note and mortgage. The bankruptcy court directed the parties to mediate their dispute, but mediation ended in an impasse.

Subsequently, the Browns initiated a separate adversary proceeding against Chase contending that Chase lacked authority to enforce the note and mortgage.

2

The bankruptcy court consolidated the Chapter 13 proceeding and the adversary proceeding. Chase moved to dismiss the adversary complaint or, alternatively, for voluntary abstention pursuant to 28 U.S.C. § 1334. Chase argued abstention was appropriate because the issue of whether Chase had standing to foreclose was primarily a matter of state law and Chase was already litigating this issue against the Browns in a pending foreclosure action in state court.

The bankruptcy court denied Chase's motion to dismiss but granted the motion to abstain ("the abstention order"). The bankruptcy court concluded that abstention was appropriate because: (1) the Browns's claims were matters of state law; (2) the claims were the subject of a foreclosure action that had been pending in state court when the bankruptcy case was filed; and (3) allowing the state court to resolve the mortgage issues would not adversely affect the Browns's efforts in their Chapter 13 case. The Browns moved for reconsideration of the abstention order, contending that Chase had not filed its motion for abstention within the time permitted by Local Rule 5011.

During a hearing, the bankruptcy court denied the motion for reconsideration. The court acknowledged that Chase's motion for abstention was untimely under Local Rule 5011, but concluded that it nevertheless had the power to abstain under its sua sponte authority and federal law. The court then expressed

3

concern with requiring the Browns to continue making payments each month to the mortgage holder under the Chapter 13 Plan when the foreclosure issues were returning to state court. The court specifically asked the Browns:

> Is there any reason why you care to stay in the Chapter 13 case? That's really my question to you. If I'm not going to let you resolve the dispute here, which I'm not – with all due deference and out of respect, I'm not – do you even want to keep this case alive? I mean, I can get you all that money back and you can – I'm not going to impose an injunction against re-filing if you need to come back.

(R. at 285.) Mr. Brown responded, "Yes, your honor. That would be totally fair." *Id.* Accordingly, the bankruptcy court denied the motion for reconsideration in the adversary proceeding, dismissed the Chapter 13 proceeding, and directed the trustee to return all monies already paid by the Browns toward the mortgage debt.

The Browns appealed to the district court the denial of their motion for reconsideration of the abstention order and the dismissal of the Chapter 13 proceeding.

## B.    District Court Proceedings

On appeal to the district court, the Browns argued pro se that the bankruptcy court should not have abstained from their adversary proceeding, because they had a right to have their claims resolved in bankruptcy. They argued the dismissal of

their Chapter 13 proceeding was improper, because the bankruptcy court had coerced them into accepting the dismissal.

The district court affirmed, finding the bankruptcy court did not abuse its discretion in deciding to abstain from hearing the Browns's adversary proceeding. The district court found that the bankruptcy court did not apply the wrong legal standard or use improper procedures. In addition, none of the bankruptcy court's factual findings in support of the decision to abstain were found to be clearly erroneous.

Regarding the dismissal of the Chapter 13 case, the district court found the record did not support the Browns's contention that the bankruptcy court had coerced them to accept the dismissal. Rather, the transcript from the hearing on the motion for reconsideration demonstrated that the Browns had agreed that a dismissal of the Chapter 13 case, without an injunction, would be fair. The Browns contend they had been intimidated during the hearing: because they had to wait for an hour and a half; because there was a star next to their name on the docket sheet; because the other debtors and attorneys left the courtroom; and because a federal marshal came in the room and sat near the door. The district court concluded that, taken together, those facts merely suggested the bankruptcy court was in session that day.

5

The Browns now appeal the district court's final judgment affirming the bankruptcy court's abstention orders and dismissal order. [1]

## II. DISCUSSION

**A. We lack jurisdiction to review the bankruptcy court's decision to abstain under 28 U.S.C. § 1334(c)(1).**

28 U.S.C. § 1334(d) provides that "[a]ny decision to abstain or not to abstain made under section (c) . . . is not reviewable by appeal or otherwise by the court of appeals . . ."  Accordingly, we lack jurisdiction to consider this issue.

**B. The bankruptcy court did not err by dismissing the Browns's case.**

The Browns contend that the district court erred by voluntarily dismissing their Chapter 13 case.  According to the Browns, even though they agreed to dismissal, the bankruptcy court coerced them into accepting the dismissal.  We review "the bankruptcy court's order independently of the district court, reviewing conclusions of law de novo and factual findings under a clearly erroneous standard." *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998).

---

[1] In the "Statement of the Issues" portion of their initial brief, the Browns also argue that the district judge should have recused herself from the proceedings based upon her investment relationship with Berkshire Hathaway, Inc. and that the district court erred by denying their motion to stay the bankruptcy court's orders.  The Browns have failed to provide any supporting argument or authority regarding these issues, and, thus, they have abandoned them. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (holding "an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").

As the district court noted, the facts set forth by the Browns to establish coercion—the delay in entering the courtroom, the star next to their name, the removal of other debtors and attorneys, and the presence of a federal marshal—indicate only that the bankruptcy court was in session that day.  A review of the transcript from the hearing demonstrates the bankruptcy court did not use threatening or manipulative language or otherwise act in a coercive manner. Rather, the bankruptcy court thoroughly explained its decision and gave the Browns an opportunity to ask questions or make comments.

Accordingly, the bankruptcy court did not coerce the Browns and properly dismissed the Chapter 13 proceeding.

**AFFIRMED.**

7