**IN RE: John Edward HANSON, III, Debtor.**

**John Edward Hanson, III, Plaintiff,**

**v.**

**HSBC Bank, USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass–Through Certificates, Series 2007–4, Wells Fargo Bank, N.A., and Ronald R. Wolfe & Associates, P.L., Defendants.**

Case No. 3:13–bk–4140–PMG
Adv. No. 3:14–ap–317–PMG

United States Bankruptcy Court,
M.D. Florida,
**Jacksonville Division.**

Signed January 27, 2015

so did not have § 544 status. *Edwards,* 437 F.3d at 1149.

Wendell Finner, Ryan G. Moore, Wendell Finner, P.A., Jacksonville Beach, FL, for Plaintiff.

Fentrice D. Driskell, Carlton Fields Jorden Burt, PA, Joseph B. Battaglia, Ronald

R. Wolfe & Associates, P.L., Tampa, FL, for Defendant.

## ORDER ON MOTIONS TO DISMISS COMPLAINT

PAUL M. GLENN, United States Bankruptcy Judge

**THIS CASE** came before the Court for hearing to consider (1) Wells Fargo Bank, N.A.'s Motion to Dismiss Counts II and IV of Plaintiff s Complaint, (2) HSBC Bank USA, National Association, as Trustee's Motion to Dismiss Counts I, V, and VI of Plaintiff's Complaint, and (3) Ronald R. Wolfe & Associate, P.L.'s Motion to Dismiss and Request for an Award of Attorney's Fees and Costs. (Docs.13, 16, 17).

Under 28 U.S.C. § 1334(c)(1), the Court has broad discretion to abstain from a proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law."

In this proceeding, the Debtor primarily challenges HSBC's assertion of a Claim secured by a mortgage on the Debtor's real property. The issues raised by the Debtor are essentially state law matters that can be resolved in a foreclosure action that was pending at the time that the bankruptcy case was filed. Accordingly, the Court will abstain from hearing the Debtor's Objection to the Proof of Claim filed by HSBC.

Additionally, the Debtor alleges that the Defendants violated federal law by filing and serving papers in the bankruptcy case, and by failing to furnish him with information related to HSBC's Claim. The Complaint does not contain sufficient factual allegations to make the causes of action plausible on their face, and the Court will therefore dismiss, without prejudice, the Counts of the Complaint based on the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and § 510(c) of the Bankruptcy Code.

### Background

On February 12, 2007, the Debtor, John Edward Hanson, II, signed an Initial Interest Note pursuant to which he promised to pay Wells Fargo Bank, N.A., as the Lender, the principal sum of $459,000.00. The Note was secured by a Mortgage on certain real property of the Debtor located at 1017–1019 3rd Street, Neptune Beach, Florida (the Property). (Main Case, Doc. 66, Exhibits A, B).

In 2009, HSBC Bank, USA, filed an action to foreclose the Mortgage in the Circuit Court for Duval County, Florida. (Doc. 1, ¶ 8).

The final hearing in the foreclosure action was initially scheduled for July 3, 2013, and was rescheduled for July 25, 2013, at the Debtor's request. (Doc. 16, Exhibit C).

On July 2, 2013, shortly before the final hearing in the foreclosure action, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. On his schedule of assets in the bankruptcy case, the Debtor listed the Property with a scheduled value of $278,304.00. On his schedule of liabilities, the Debtor listed HSBC Bank, NA, Trustee, c/o Wells Fargo, as a creditor holding a mortgage on the Property in the scheduled amount of $461,813.46.

The Property was listed as the Debtor's street address on his bankruptcy petition, and HSBC's foreclosure action was listed as an open proceeding on the Debtor's Statement of Financial Affairs. (Main Case, Docs. 1, 8). In his Chapter 13 Plan, the Debtor proposed to provide for HSBC's secured claim by filing a request for Mortgage Modification Mediation. (Main Case, Doc. 11).

On September 30, 2013, HSBC Bank USA, National Association as Trustee for

Wells Fargo Asset Securities Corporation (HSBC) filed a Proof of Claim (Claim No. 6) in the Debtor's bankruptcy case. Claim No. 6 was filed in the amount of $616,378.02, and was filed as a claim secured by a lien on the Property. Attached to the Proof of Claim are copies of (1) a Corporate Assignment of Mortgage from Wells Fargo Bank, N.A. to HSBC Bank USA dated December 18, 2008, and (2) a Corrective Assignment of Mortgage from Wells Fargo to HSBC dated September 13, 2012.

On January 20, 2014, the Debtor filed an Objection to Claim No. 6 in his main bankruptcy case. (Main Case, Doc. 55). Generally, the Debtor asserted in the Objection that he "has never done business with Claimant or received notice that claimant has been assigned the right to bill and collect the debt of any other entity, and does not owe the claimant any money."

On February 19, 2014, HSBC filed a written Response to the Debtor's Objection, and asserted that Wells Fargo had assigned the Mortgage to HSBC on or about September 18, 2012, as evidenced by the recorded Corrective Assignment of Mortgage. (Main Case, Doc. 66).

A final evidentiary hearing on the Objection to Claim was scheduled for August 25, 2014. (Main Case, Doc. 114).

The Debtor withdrew his Objection to HSBC's Claim on August 19, 2014, six days before the scheduled final evidentiary hearing. (Main Case, Doc. 180).

On August 19, 2014, the same date that he withdrew his Objection, the Debtor filed the Complaint that commenced this adversary proceeding. The Complaint initially contained seven Counts. On January 13, 2015, the Court entered an Order dismissing Counts I, II, and III of the Complaint, without prejudice, based on the Debtor's representation to the Court that

he would not pursue those Counts. (Doc. 24).

### Discussion

The remainder of the Counts in the Complaint are (1) an action against Ronald R. Wolfe & Associates, P.L. for violation of the federal Fair Debt Collection Practices Act, (2) an action against Wells Fargo Bank, N.A. for violation of the Real Estate Settlement Procedures Act, (3) an Objection to Claim No. 6, and (4) an action for equitable subordination of the Claim.

The Court will abstain from hearing the Debtor's Objection to Claim No. 6, because the issues raised by the Objection are essentially state law matters that can be resolved in the foreclosure action that was pending at the time that the bankruptcy case was filed. Additionally, the Court will dismiss the balance of the Counts, without prejudice, because the Complaint does not contain sufficient factual allegations to make the causes of action plausible on their face.

### A. Count V

The focus of the Complaint is the Debtor's Objection to Proof of Claim No. 6 filed by HSBC Bank USA, National Association, as Trustee (HSBC). In Count V, the Debtor alleges that Claim No. 6 is not a valid debt of the Debtor "due to the complete failure of HSBC and Wolfe to provide statutorily-required notice of assignment to HSBC of the right to bill and collect the alleged debt." (Doc. 1, ¶¶ 37–39).

In its Motion to Dismiss Count V, HSBC asserts that the Court should dismiss or abstain from the Count, (1) because the Debtor is asking the Court to resolve a pure question of state law, (2) because the Debtor waived his challenge by withdrawing the Objection to Claim in the main case, and (3) because the state notice statute does not apply to the foreclosure of

residential mortgages. (Doc. 16, pp. 12–19).

▮ The Court will abstain from hearing the Debtor's Objection to Claim No. 6. Section 1334(c)(1) of title 28 provides:

### § 1334. Bankruptcy cases and proceedings

. . .

(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(*l*). This section "grants a bankruptcy court broad discretion to permissively abstain from exercising jurisdiction." *In re Annicott Excellence, LLC*, 264 B.R. 756, 758 (Bankr. M.D.Fla.2001). Permissive abstention under the provision involves a "multifactor balancing test" in which the Court considers a number of different factors, and the importance of the factors varies with the circumstances of each case. *In re Junk*, 512 B.R. 584, 617 (Bankr.S.D.Ohio 2014).

In considering the application of § 1334(c)(1) to this case, the Court is guided by the recent decision in *In re Brown*, 2013 WL 85131 (Bankr.M.D.Fla.2013). In *Brown*, the Bankruptcy Court abstained from a proceeding in which the Chapter 13 debtors asserted that JP Morgan Chase Bank had not provided proper evidence that it held a mortgage on the debtors' property.

[T]he bankruptcy court is not the proper venue to continue this dispute. The standing of the lender to foreclose a mortgage primarily is a state law matter, and justice is better served if the proceeding remained in the state court forum. Allowing the parties to jump the state court tracks and remove their dispute to the federal bankruptcy forum would usurp the state court's authority over its own state law issues, and, equally as troubling, would turn the bankruptcy court into a "last chance" forum to resolve state court mortgage disputes.

*In re Brown*, 2013 WL 85131, at 2. In *Brown*, the Bankruptcy Court found that permissive abstention was appropriate, because the "issue of standing to foreclose a residential home primarily is a state law issue best left to the expertise of the state court that has presided over this matter for at least the past three years." *Id.* at 1.

The Bankruptcy Court's decision in *Brown* was affirmed by the United States District Court on November 15, 2013. *In re Brown*, 2013 WL 6923070 (M.D.Fla. 2013), *aff'd*, 572 Fed.Appx. 849 (11th Cir. 2014) (The Bankruptcy Judge had determined that the debtors' mortgage and foreclosure issues were matters of state law that were best left to Florida state courts, and the District Court found that the determination was not clearly erroneous.).

Significantly, the decision in *Brown* relied in large part on this Court's decision in *Nochum and Leah Kurinsky v. SunTrust Mortgage, Inc.*, Adv. No. 3:12–ap–215–PMG. In *Kurinsky*, the Chapter 13 debtors sought a determination that SunTrust was not the real party in interest to assert a security interest in their property, and the Court found that abstention under § 1334(c)(1) was appropriate because the mortgage issues raised by the debtors were essentially state law matters that could be resolved in a State Court foreclosure action that had been litigated by the parties for almost two years before the bankruptcy case was filed. *Kurinsky v.*

*SunTrust,* Adv. No. 3:12–ap–215–PMG (Doc. 27, p. 8).

■ In this case, the Debtor challenges HSBC's assertion of a Claim secured by a mortgage on his Property. The Court will abstain from hearing the challenge under § 1334(c)(1), because the issues raised by the Debtor are essentially state law matters that can be resolved in a foreclosure action that was pending at the time that the bankruptcy case was filed.

First, the Debtor's Objection to Claim No. 6 involves matters of state law. The Objection is based on HSBC's alleged failure to provide the Debtor with notice that it had received an assignment of the Debtor's Note and Mortgage from Wells Fargo, N.A. (Doc. 1, ¶ 38). The Debtor acknowledged at the hearing on the Defendants' Motions to Dismiss the Complaint that the Objection to Claim is predicated on state law. Specifically, § 559.715 of the Florida Statutes provides:

> § 559.715. **Assignment of consumer debts**
>
> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

Fla. Stat. § 559.715. The Debtor's Objection to Claim involves HSBC's compliance with § 559.715 of the Florida Statutes. No other basis for the Objection is asserted in Count V of the Debtor's Complaint.

Second, the state law issues can be resolved in a foreclosure action that was pending at the time that the bankruptcy was filed. HSBC filed an action to fore-close the Mortgage on the Debtor's Property in 2009. (Doc. 1, ¶ 8). The foreclosure action remained pending in State Court for approximately three and one-half years, and was scheduled for final hearing in July of 2013. (Doc. 16, Exhibit C). The Debtor filed his bankruptcy petition on July 2, 2013, shortly before the scheduled final hearing, and listed the foreclosure action as an open proceeding on the Statement of Financial Affairs filed in his bankruptcy case. (Main Case, Doc. 8).

The issues raised by the Debtor in his Objection to Claim No. 6 are essentially state law matters that can be resolved in the foreclosure action that was pending at the time that the bankruptcy case was filed. Accordingly, the Court will abstain from hearing the Debtor's Objection to the Proof of Claim filed by HSBC pursuant to the permissive abstention provision of 28 U.S.C. § 1334(c)(1).

Finally, the decision of the Eleventh Circuit Court of Appeals in *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir.2014) does not affect this Court's exercise of its discretion to abstain. At the hearing on the Motions to Dismiss his Complaint, the Debtor asserted that the Eleventh Circuit Court of Appeals determined in *Crawford* that the filing of a proof of claim in a bankruptcy case may constitute a violation of federal law. Based on *Crawford,* therefore, the Debtor contends that he appropriately included his Objection to HSBC's Claim in this adversary proceeding.

In *Crawford,* however, the proof of claim involved a consumer debt that was originally owed to a furniture company, and did not relate to a mortgage on real estate. Additionally, the original creditor had charged off the debt, and the state statute of limitations on the debt had expired four years before the debtor filed his bankrupt-

cy case. The debt was stale at the time that the bankruptcy petition was filed, no litigation regarding the debt was pending, and the Eleventh Circuit determined only that the filing of a time-barred proof of claim in a Chapter 13 bankruptcy case may violate the Fair Debt Collection Practices Act. *Crawford v. LVNV Funding,* 758 F.3d at 1261–62. The decision does not stand for the proposition that an ongoing and unresolved state law dispute regarding a real estate mortgage should be resolved in Bankruptcy Court.

The Court will abstain from hearing Count V of the Complaint regarding the Debtor's Objection to Claim No. 6.

### B. The remainder of the Complaint

In the balance of the Complaint, the Debtor seeks an award of damages based on various alleged violations of federal law, and also asserts that HSBC's secured claim should be equitably subordinated to his interest in the Property. The Defendants have filed Motions to Dismiss the causes of action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. (Docs. 13, 16, 17).

To survive a motion to dismiss for failure to state a claim, a claimant "must allege facts to make his or her claim for relief 'plausible on its face.'" *In re Fundamental Long Term Care, Inc.,* 494 B.R. 548, 554 (Bankr.M.D.Fla.2013)(citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 126 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In this case, the Court will dismiss, without prejudice, the Counts of the Complaint based on the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and § 510(c) of the Bankruptcy Code, because the Complaint does not contain sufficient factual allegations to make the causes of action plausible on their face.

### 1. Count IV against Wolfe

■ Count IV of the Complaint is an action against Ronald R. Wolfe & Associates, P.L. (Wolfe) for Violations of the federal Fair Debt Collections Practices Act. Wolfe is the law firm that represented HSBC in connection with the Debtor's mortgage. In Count IV, the Debtor alleges that Wolfe improperly contacted the Debtor in violation of the FDCPA by filing Proof of Claim No. 6, and by serving him with a bankruptcy pleading "when it knew him to be represented by counsel." (Doc. 1, ¶¶ 26–29).

In its Motion to Dismiss Count IV, Wolfe asserts that § 1692c(a)(3) of the FDCPA only prohibits contacts with a debtor at his place of employment, and that the Debtor did not allege that he was contacted at his employment. Additionally, Wolfe asserts that filing and mailing a Proof of Claim to a bankruptcy debtor "does not and cannot constitute a communication with a represented consumer for purposes of FDCPA liability." (Doc. 17, ¶¶ 21–23).

The Court has considered the factual allegations set forth in Count IV, and determines that the Complaint does not plausibly allege that Wolfe violated the FDCPA by filing and serving papers on the Debtor in his Chapter 13 case. See, for example, Rule 7004(b)(9), Rule 7004(g), and Rule 9014(b) of the Federal Rules of Bankruptcy Procedure, regarding service on a debtor and the debtor's attorney in a

bankruptcy case. Accordingly, Count IV of the Complaint against Wolfe should be dismissed without prejudice.

### 2. Count IV against Wells Fargo

■ A second Count IV of the Complaint is an action against Wells Fargo for violations of the Real Estate Settlement Procedures Act. In this Count, the Debtor alleges that he sent a written request for information to Wells Fargo on or about February 19, 2014, and that Wells Fargo "deliberately withheld information responsive to each of the requests" in violation of § 1024.36(d) of RESPA. (Doc. 1, ¶¶ 30–35).

In its Motion to Dismiss Count IV, Wells Fargo asserts that the Complaint does not state a claim for relief under § 1024.36 of RESPA, because the Debtor acknowledges that Wells Fargo responded to his request for information, and does not specifically identify the information that was withheld. Further, Wells Fargo also asserts that the Complaint does not state a claim for relief under RESPA, because it does not sufficiently allege that the Debtor suffered any actual damages as a result of Wells Fargo's failure to respond to the request, and does not sufficiently allege that Wells Fargo engaged in a "pattern or practice of noncompliance" with RESPA. (Doc. 13, pp. 7–10).

Under RESPA, a loan servicer has a duty to respond to a qualified written request for information from a borrower by providing (1) a written explanation that includes, to the extent applicable, the reasons that the servicer believes that the borrower's account is correct, (2) the information requested by the borrower or an explanation of why the information is not available, and (3) the name and telephone number of the individual who can assist the borrower. 12 U.S.C. § 2605(e)(2).

In this case, the Complaint alleges that the Debtor made a request under RES-PA that included six separate categories of information, and that Wells Fargo responded to the request. Despite the response, the Debtor then alleges in conclusory form that Wells Fargo withheld information that was subject to his request. From the allegations, the Court cannot determine the extent of the response provided by Wells Fargo, whether Wells Fargo produced some but not all of the requested information, or the nature of the information that was allegedly withheld by Wells Fargo.

The Court has considered the factual allegations set forth in the second Count IV, and determines that the Complaint does not plausibly allege that Wells Fargo violated RESPA by failing to respond to the Debtor's request for information. Accordingly, Count IV of the Complaint against Wells Fargo should be dismissed without prejudice.

### 3. Count VI for equitable subordination

■ Count VI of the Complaint is an action for equitable subordination of HSBC's secured claim, based on the Defendants' "gross and egregious willful conduct." Based on the alleged egregious conduct, the Debtor requests that "Proof of Claim No. 6 be subordinated to the interest of [the Debtor] in the property, stricken with prejudice, or transferred to [the Debtor's] bankruptcy estate." (Doc. 1, ¶¶ 40–41).

In its Motion to Dismiss Count VI, HSBC asserts that the Complaint does not state a claim for relief because the Debtor failed to allege any inequitable conduct that would justify subordination under § 510(c) of the Bankruptcy Code. (Doc. 16, pp. 19–21).

■ The Complaint refers only to the gross and egregious conduct of the "Defen-

dants," without identifying specific individuals, actions, dates, or locations of the alleged misconduct. The doctrine of equitable subordination should be invoked "only in extreme circumstances and only where a clear inequity" has been demonstrated. *In re Kreisler*, 331 B.R. 364, 381 (Bankr.N.D.Ill.2005).

The Court has considered the factual allegations set forth in Count VI, and determines that the Complaint does not plausibly allege that the Defendants engaged in inequitable conduct sufficient to state a claim for equitable subordination under § 510(c) of the Bankruptcy Code. Accordingly, Count VI of the Complaint should be dismissed without prejudice.

### Conclusion

In this adversary proceeding, the Debtor primarily challenges HSBC's assertion of a Claim secured by a mortgage on his real property. The issues raised by the Debtor are essentially state law matters that can be resolved in a foreclosure action that was pending at the time that the bankruptcy case was filed. Accordingly, the Court will exercise its discretion to abstain from hearing the Debtor's Objection to HSBC's Proof of Claim No. 6 pursuant to 28 U.S.C. § 1334(c)(1).

Additionally, the Debtor alleges that the Defendants violated federal law by filing and serving papers in the bankruptcy case, and by failing to furnish him with information related to HSBC's Claim. The Complaint does not contain sufficient factual allegations to make the causes of action plausible on their face, and the Court will therefore dismiss, without prejudice, the Counts of the Complaint based on the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and § 510(c) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. Pursuant to 28 U.S.C. § 1334(c)(1), the Court abstains from hearing Count V of the Complaint relating to the Debtor's Objection to Proof of Claim No. 6.

2. Count IV of the Complaint against Ronald R. Wolfe & Associates, P.L., Count IV of the Complaint against Wells Fargo Bank, N.A., and Count VI of the Complaint for equitable subordination are dismissed, without prejudice.